**Norman E. HOLLY,**

v.

**Robert E. CHASEN, Commissioner of Customs, et al., Appellants.**

No. 79–1492.

United States Court of Appeals, District of Columbia Circuit.

Argued May 7, 1980.

Decided Jan. 7, 1981.

See also, D.C., 72 F.R.D. 115 and D.C. Cir., 569 F.2d 160.

Linda M. Cole, Atty., Dept. of Justice, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., Carl S. Rauh, U. S. Atty., Washington, D. C., at the time brief was filed, and William Kanter, Atty., Dept. of Justice, Washington, D. C., were on brief for appellants.

John Cary Sims, Washington, D. C., with whom Alan B. Morrison, Washington, D. C., was on brief for appellee.

Ann K. Macrory and James T. Kilbreth, III, Washington, D. C., were on brief for amicus curiae urging affirmance.

Before McGOWAN, ROBINSON and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The question presented on this appeal is whether in a Freedom of Information Act case section 1961 of Title 28 of the U.S.Code authorizes the taxation of interest upon a judgment against the United States for attorneys' fees. We hold that it does not.

In December of 1975 our appellee Norman E. Holly filed suit in the District Court to obtain agency records under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* Holly, a layman acting without counsel, succeeded in obtaining most of the requested documents. Relying upon 5 U.S.C. § 552(a)(4)(E) the District Court taxed attorneys' fees and costs against the United States. The court based its fee award upon Holly's estimates of "opportunity cost" of his time.

The government appealed the fee award on the ground that the Freedom of Information Act does not authorize an award of attorneys' fees to a layman acting *pro se.* By order, without oral argument, this court affirmed the award. *Holly v. Chasen,* 186 U.S.App.D.C. 329, 569 F.2d 160 (1977).

■ Thereafter Holly asked the District Court to require the government to pay interest upon his award of attorneys' fees, for the period between the date of the award and the date of payment. The court granted the request, and ordered the payment of interest at 6% from the date of the judgment for attorneys' fees until such time as the judgment was satisfied. The court based this award upon 28 U.S.C. § 1961 which provides in pertinent part: "Interest shall be allowed on any money judgment in a civil case recovered in a district court." In a memorandum opinion the court stated:

> The defendant counters that interest cannot be recovered against the United States unless it is authorized by an express statutory or constitutional provision, and that the cases cited by plaintiff involve only judgments against private litigants.

> This court must agree with defendant that the United States is not liable for pre-judgment interest. However, 28 U.S.C. § 1961 seems to apply in mandatory terms to all *judgments* rendered against private or governmental litigants in federal district courts. It seems to be explicit statutory authority to tax interest against the United States, if any such explicit authority is required in the post-judgment period.

> The Court has been unable to find any legislative history which would indicate this provision intended to exclude judgments against the United States or governmental entities. [Emphasis in original]

(Appellant's App. 19, 20) The government appeals from this ruling.

■ A statute authorizing the recovery of interest on judgments in civil cases in district courts has been on the books since 1842, and the operative language of the statute has remained substantially unchanged for a hundred and thirty-eight years. The Act of August 23, 1842, ch. 118, § 8, 5 Stat. 518 provided "That on all judgments in civil cases, hereafter recovered in the circuit or district courts of the United States, interest shall be allowed . . . to be calculated from the date of the judgment. . . ." The Act of March 3, 1911, ch. 231, § 291, 36 Stat. 1167, codified at 28 U.S.C. § 811 (1940) provided "Interest shall be allowed on all judgments in civil causes, recovered in a district court . . . and it shall be calculated from the date of the judgment. . . ." The Act of June 25, 1948, ch. 646, 62 Stat. 957, 28 U.S.C. § 1961 provides "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment. . . ." Until now no court has ever suggested that the general language in these statutes, authorizing the allowance of interest on judgments, permitted the taxation of interest on a judgment against the United States. On the contrary, the rule has always been that in the absence of constitutional requirements the federal courts cannot award interest upon a claim or judgment against the United States unless there has been an express waiver of sovereign immunity. *United States v. Alcea Band of Tillamooks,* 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951); *United States v. Thayer-West Point Hotel Co.,* 329 U.S. 585, 588, 67 S.Ct. 398, 399, 91 L.Ed. 521 (1947), *United States v. Goltra,* 312 U.S. 203, 207, 61 S.Ct. 487, 490, 85 L.Ed. 776

(1941); *Smyth v. United States*, 302 U.S. 329, 353, 58 S.Ct. 248, 252, 82 L.Ed. 294 (1937); *United States ex rel. Angarica v. Bayard*, 127 U.S. 251, 260, 8 S.Ct. 1156, 1160, 32 L.Ed. 159 (1888). *See Blake v. Califano*, 200 U.S.App.D.C. 27, 626 F.2d 891 (1980). The waiver cannot be by implication or by use of ambiguous language; it must be express, and it must be strictly construed. *Tillson v. United States*, 100 U.S. 43, 46, 25 L.Ed. 543 (1879); *Thayer-West Point Hotel Co., supra; United States v. New York Rayon Importing Co.*, 329 U.S. 654, 658–59, 67 S.Ct. 601, 603–04, 91 L.Ed. 577 (1947); *United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Fitzgerald v. United States Civil Service Comm'n*, 180 U.S.App. D.C. 327, 330, 554 F.2d 1186, 1189 (1977). The rule makes no distinction between prejudgment and postjudgment awards, nor is there any reason for such a distinction; the bar of sovereign immunity applies to them both. *United States v. State of Maryland*, 121 U.S.App.D.C. 258, 261, 349 F.2d 693, 696 (1965); *Anglin & Stevenson v. United States*, 160 F.2d 670, 672 (10th Cir. 1947). The District Court focused on the wrong question when it searched for "any legislative history which would indicate [28 U.S.C. § 1961] intended to exclude judgments against the United States...." [Appellant's App. 20] The court should have looked for any express waiver of sovereign immunity. Had the court done so it could have found no express waiver, and would have reached the proper conclusion that interest on Holly's judgment could not be allowed.

In their brief in this court counsel for Holly assert "there is absolutely no extant legislative history which explains the Congressional motivation in 1842, when the predecessor statute of section 1961 was passed." [Appellee's Br. at 12] The apparent implication is that Congress in 1842 did not intend to exempt the United States from the obligation to pay interest on judgments. The flaw in this argument is that in 1842 Congress had not yet provided the federal district courts with jurisdiction to hear monetary claims against the United States. Accordingly, there were no judgments against the federal government upon which interest could run. The first general grant of jurisdiction came in 1887 with the passage of the Tucker Act, 24 Stat. 505 *et seq.* Congress included a separate interest provision in the original version of the Tucker Act, 24 Stat. 507, demonstrating that Congress did not believe that the 1842 statute would require the payment of interest in the event that the newly created cause of action resulted in a money judgment against the United States. The Tucker Act provision for interest has evolved into the present 28 U.S.C. § 2411(b).

As we have said, the 1842 statute has remained substantially unchanged since its enactment. The Act of June 25, 1948, now 28 U.S.C. § 1961, made only verbal changes in the previous statute, enacted in 1911 and codified in 28 U.S.C. § 811 (1940). In the interim between 1911 and 1948 the courts consistently held that sovereign immunity exempted the United States from the statutory provision for the payment of interest on judgments. *See* cases cited *supra*. Although Congress must have been aware of these decisions, Congress made no change in the statutory language. Thus Congress strongly indicated its approval of the construction placed upon the statute by the courts.

Further support for our conclusion is found in the three specific statutes dealing with the matter of interest on judgments against the United States. These statutes are 28 U.S.C. § 2411, 28 U.S.C. § 2516, and 31 U.S.C. § 724a. They (1) designate which claims against the United States will bear interest when reduced to judgment, (2) spell out the procedures which a successful plaintiff must follow in order to perfect his entitlement to interest, (3) set the rate of interest which the United States will pay on a given kind of judgment and (4) establish the time when interest will start to run and the time when it will stop. If 28 U.S.C. § 1961 is read to confer an automatic entitlement to interest at the rate provided by

state law on all civil judgments against the United States, these very detailed statutory provisions will all become superfluous.

The equitable considerations which counsel earnestly press upon us should be presented to the Congress, not to this court. We suggest however that the possibility of a substantial delay in the payment of a fee is a factor which counsel may wish to bring to the court's attention when submitting his application for compensation.

We hold that the District Court had no authority to award interest on Holly's fee. The judgment of the District Court awarding interest is

*Reversed.*