

Ira F. Gropper, Asst. U.S. Atty., Miami, Fla., Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Asst. Atty. Gen., Gilbert S. Rothenberg, Stanley S. Shaw, Jr., U.S. Dept. of Justice, Tax Division, Washington, D.C., for defendant-appellant.

Edward M. Spiro, Robert S. Fink (of counsel), Kostelanetz & Ritholz, New York City, for Toby Arvin.

**Leonard ARVIN, Plaintiff,**

**Toby Arvin, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 83–5555.

United States Court of Appeals, Eleventh Circuit.

Sept. 27, 1984.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this case, we review the district court's order awarding interest on attorney's fees to appellee, Toby Arvin, against appellant, United States of America, under 28 U.S.C.A. §§ 1961 and 2412 (West Supp. 1983). Finding error, we reverse.

FACTS

On October 27, 1981, the district court entered an order abating a jeopardy assessment against the appellee, Toby Arvin. Thereafter, Arvin filed a timely application for an award of attorney's fees, expenses,

and costs pursuant to the Equal Access to Justice Act (Act), 28 U.S.C.A. § 2412 (West 1981). On February 10, 1982, the district court granted the application and on February 26, 1982, entered judgment for Arvin.

On September 27, 1982, seven months after the entry of judgment, the government issued Toby Arvin a check for attorney's fees and expenses. Immediately thereafter, the government demanded a satisfaction of judgment, but Arvin refused, contending that she was entitled to interest on the money unreasonably withheld from her by the government.

In response to Arvin's contention, the government moved the court to compel Arvin to file a satisfaction of judgment. Arvin filed a cross-motion for interest. On June 14, 1983, the district court denied the government's motion and granted Arvin's cross-motion for interest.

## DISCUSSION

The sole issue is whether the district court erred in awarding interest on a judgment against the United States for attorney's fees under the Equal Access to Justice Act. The United States contends that the district court erred because it has not waived its sovereign immunity with regard to interest on attorney fee awards. Arvin conversely contends that the district court correctly concluded that she was entitled to interest on her award of attorney's fees pursuant to 28 U.S.C.A. § 2412 (West Supp.1983), and 28 U.S.C.A. § 1961 (West Supp.1983). Arvin further contends that the aforementioned statutes constitute a waiver of the government's sovereign immunity.

■ It is well settled that apart from constitutional requirements [1] in the absence of specific provision by contract or statute, or express consent by Congress, interest does not run on a claim against the United States. *United States v. Louisiana,* 446 U.S. 253, 264–65, 100 S.Ct. 1618, 1625–26, 64 L.Ed.2d 196 (1980); *Peterson v. Wein-*

*berger,* 508 F.2d 45, 54 (5th Cir.1975), *cert. denied,* 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975). More specifically, the general rule is that federal courts cannot award interest upon a claim or judgment against the United States unless it has expressly waived its sovereign immunity. *United States v. Alcea Band of Tillamooks,* 341 U.S. 48–49, 71 S.Ct. 552, 95 L.Ed. 738 (1951). A waiver of sovereign immunity, however, may not be found by implication or by the use of non-specific, ambiguous language; it cannot be implied, but must be "unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

Thus, in the absence of any constitutional or contractual requirement that the government pay interest on this award of attorney's fees, we examine Toby Arvin's proffered evidence of an express and unequivocal congressional waiver of sovereign immunity. Arvin submits for our examination 28 U.S.C.A. §§ 1961 and 2412.

In *Holly v. Chasen,* 639 F.2d 795 (D.C. Cir.1981), *cert. denied,* 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94 (1981), the District of Columbia Court of Appeals answered the question whether 28 U.S.C.A. § 1961 authorizes the award of interest on judgments against the United States for attorney's fees under the Freedom of Information Act. 5 U.S.C.A. § 552 (West Supp. 1981). The appellate court analyzed section 1961 and found that the section neither contained an express waiver of sovereign immunity nor authorized taxation of interest upon a judgment against the United States for attorney's fees in a Freedom of Information Act case. *Holly,* 639 F.2d at 798.

The *Holly* court found further support for its conclusion in three specific statutes dealing with the matter of interest on judgments against the United States. Those statutes are 28 U.S.C.A. § 2411 (West Supp.1984), 28 U.S.C.A. § 2516 (West Supp.

---

1. *United States v. Thayer-West Point Hotel Co.,* 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521 (1946) ("The established presumption is that nonemi-

nent domain statutes intend to bar interest unless Congress expressly provides to the contrary.").

1984), and 31 U.S.C.A. § 724a.[2] These statutes expressly state which claims against the United States will bear interest when reduced to judgment, the procedures which a plaintiff must follow to perfect his entitlement to interest, the rate of interest which the United States will pay on each type of judgment, and the time when interest will start to run and the time it will stop. *Holly,* 639 F.2d at 797.

After reviewing these statutes, the *Holly* court concluded that if 28 U.S.C.A. § 1961 provided an automatic entitlement to interest upon judgments against the United States, the specific provisions of the cited statutes would become superfluous. *Holly,* 639 F.2d at 797–98. Consequently, the court held that absent specific legislation waiving the government's sovereign immu-nity, the district court had no authority to award interest on attorney's fees.

On April 2, 1982, Congress enacted the Federal Courts Improvement Act, Pub.Law 97–164, 96 Stat. 25. Section 302(a) of the Act amended 28 U.S.C.A. § 1961. Section 1961 was re-enacted as section 1961(a) and provides that the interest rate is to be based on the average accepted auction price of fifty-two-week treasury bills.[3] Prior to this amendment, section 1961 interest rates were derived from various state laws and sometimes fell below contemporary rates. Senate Report No. 97–275, 97 Cong.2d Sess. at 30, 2 U.S.Code Cong. & Adm.News 11, 40 (1982).

In clarifying section 1961, the 1982 amendment included section 1961(c)(1) which provides that interest rates on Internal Revenue tax overpayments will not be

2. Title 28 U.S.C.A. § 2411 (West Supp.1984) provides:

§ 2411. Interest
In any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect to any internal revenue tax, interest shall be allowed at an annual rate established under section 6621 of the Internal Revenue Code of 1954 upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined days, such date to be determined by the Commissioner of Internal Revenue. The Commission is authorized to tender by check payment of any such judgment, with interest as herein provided, at any time after such judgment becomes final, whether or not a claim for such payment has been duly filed, and such tender shall stop the running of interest, whether or not such refund check is accepted by the judgment creditor.

Title 28 U.S.C.A. § 2516 (West Supp.1984) provides:

§ 2516. Interest on claims and judgments
(a) Interest on a claim against the United States shall be allowed in a judgment of the United States Claims Court only under a contract or Act of Congress expressly providing for payment thereof.
(b) Interest on a judgment against the United States affirmed by the Supreme Court after review on petition of the United States is paid at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately before the date of the judgment.

Title 31 U.S.C.A. § 724a is now 31 U.S.C.A. § 1304(b) (West 1983) and provides in pertinent part:

(b)(1) Interest may be paid from the appropriation made by this section—
(A) on a judgment of a district court, only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the comptroller General through the day before the date of the mandate of affirmance
. . . .

3. Title 28 U.S.C.A. § 1961(a) (West Supp.1984) provides:

§ 1961. Interest
(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the court of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

determined by the treasury bill rate applicable to other judgments under section 1961(a), but, rather, by the rates periodically set by the Internal Revenue Service pursuant to section 6621 of the Code.[4] The floor amendments to the Federal Courts Improvement Act of 1982 added section 1961(b) and sections 1961(c)(2) and (3). Thorough examination of each of the provisions of 28 U.S.C.A. § 1961, as amended, reveals no express waiver of sovereign immunity by Congress.

The fact that Congress expressly and unequivocally provided for the payment of interest by the government in particular cases, as delineated in 28 U.S.C.A. §§ 2411, 2516, and 31 U.S.C.A. § 1304, convinces us that if Congress intended to waive the government's sovereign immunity and thereby permit the government's payment of interest on an award of attorney's fees, it could have expressly and unequivocally done so. In the absence of a congressional declaration waiving the government's sovereign immunity, this court may not. Accordingly, we hold that the district court's award of interest on attorney's fees was not authorized under 28 U.S.C.A. § 1961 (West Supp.1983).

Arvin also contends that 28 U.S.C.A. § 2412 (West Supp.1983) constitutes a waiver of the government's sovereign immunity. The statute provides in pertinent part:

> (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be

liable under the common law or under the terms of any statute which specifically provides for such an award.

> . . . .

> (2) Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for fees and expenses of attorneys pursuant to subsection (b) shall be paid as provided in sections 2414 and 2517 of this Title.

Title 28 U.S.C.A. § 2414 involves the payment of final judgments rendered by a district court or the Court of International Trade against the United States. This section, however, does not mention the payment of interest on judgments against the United States.

Title 28 U.S.C.A. § 2517 (West Supp. 1983) provides that "payment of judgments and the interest thereon as rendered by the United States Claims Court shall be a full discharge to the United States of all claims and demands arising out of the matter involved in the case or controversy . . . ."

Careful examination of 28 U.S.C.A. §§ 2412, 2414, and 2517 does not reveal any express waiver of sovereign immunity. Moreover, the aforementioned sections are silent with regard to the government's payment of interest on an attorney's fee award. Finding no express waiver of sovereign immunity on the face of 28 U.S.C.A. § 2412, or any statutory provision mentioned therein, we reject Arvin's contention that section 2412 constitutes a waiver of the government's sovereign immunity.

In essence, Arvin asks that this court second guess Congress. For example, Arvin maintains that the language in section 2517, which mentions interest payment, is incorporated by reference or implied in section 2412 which provides that the United States shall be liable for such fees and expenses to the same extent that any other party would be liable. Arvin also suggests that Congress intended the United States

---

**4.** Title 28 U.S.C.A. § 1961(c)(1) provides:

(c)(1) This section shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at a rate established under section 6621 of the Internal Revenue Code of 1954 [26 U.S.C.A. § 6621].

to be liable for interest on judgments rendered against it in a district court. In support of this contention, Arvin points to 31 U.S.C.A. § 1304 and 28 U.S.C.A. §§ 2411, 2516. We find no express waiver of sovereign immunity in any of these statutes.

If Congress intended to waive the United States's sovereign immunity with regard to interest on attorney's fees payable by the government, Congress would have expressly done so. We, therefore, will not piece together words or sentences from a conglomerate of statutory provisions in order to manufacture an intent on the part of Congress to waive sovereign immunity. Finally, this court will not rely on inferences, hints, intimations, or speculation as conclusive evidence of a congressional waiver of the United States's sovereign immunity.

Finding no express waiver of sovereign immunity in 28 U.S.C.A. §§ 1961, 2412, or any other statutory provision suggested by Arvin, we hold that the district court had no authority to award interest on the attorney's fees rendered Arvin. Accordingly, the judgment of the district court awarding interest is reversed.

REVERSED.