Robert A. MILLER; Kody Miller, by Robert A. Miller; Robert Miller, by Robert A. Miller; Carey Miller; Jeremiah Justin Miller, by Carey Miller; Rick Miller; James Miller, Plaintiffs–Appellees,

v.

Tony ALAMO, a/k/a Tony Fernando, a/k/a Tony Fernando Alamo, a/k/a Bernie Lazar, a/k/a Bernie Hoffman, a/k/a Bernie Lazar Hoffman, a/k/a Boris Lazar, a/k/a Papa Tony, individually and as officer and director of Tony & Susan Alamo Foundation & Music Square Church, Defendants–Appellees,

Timothy J. Leathers, Commissioner of Revenues, Arkansas Department of Finance and Administration, Intervenors,

United States of America, Intervenor–Appellant.

No. 91–3116.

United States Court of Appeals, Eighth Circuit.

April 29, 1993.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

This case is presented to the court for a third time. In *Miller v. Alamo*, 975 F.2d 547 (8th Cir.1992) (*Miller I*), we affirmed the district court's order awarding the Millers the proceeds of a series of execution sales and denying the United States' attempt to assert a tax lien against those proceeds because the proceeds were not property of the taxpayer to which the government's liens could attach. In *Miller v. Alamo*, 983 F.2d 856 (8th Cir.1993) (*Miller II*), we held the Millers were entitled to recover attorneys fees and expenses incurred during the appeal in *Miller I* pursuant to 26 U.S.C. § 7430 (1988) because the Millers were a prevailing party, the Millers were not Alamo's creditors, and the government's position was not substantially justified. Now, the Millers seek an order requiring the government to pay interest on the attorney fees. We deny

the Millers' request because the government has not waived its sovereign immunity with respect to interest on fee awards granted under § 7430.

■■■ The Supreme Court has consistently held that "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest." *Library of Congress v. Shaw,* 478 U.S. 310, 311, 106 S.Ct. 2957, 2960, 92 L.Ed.2d 250 (1986); *see also id.* at 314, 317, 106 S.Ct. at 2961, 2962. A purported waiver is to be strictly construed against waiver of the immunity, *id.* at 318, 106 S.Ct. at 2963, and must demonstrate that an "award of interest was affirmatively and separately contemplated by Congress." *Id.* at 315, 106 S.Ct. at 2962. However, there is absolutely no language in § 7430 that indicates Congress intended to waive the government's immunity from interest awards. *See* 26 U.S.C. § 7430(c)(1) (defining the term "reasonable litigation costs"). The simple inclusion of attorneys fees on the list of costs that may be recovered from the government does not automatically include interest on the fee award. *Shaw,* 478 U.S. at 320, 106 S.Ct. at 2964; *see also Arvin v. United States,* 742 F.2d 1301, 1304 (11th Cir.1984) ("The fact that Congress expressly and unequivocally provided for the payment of interest by the government in particular cases ... convinces us that if Congress intended to waive the government's sovereign immunity and thereby permit the government's payment of interest on an award of attorney's fees, it could have expressly and unequivocally done so.").

The Millers attempt to skirt these arguments by relying on 28 U.S.C. § 1961(c)(1) (1988). Section 1961 is a general statute that allows for the recovery of interest in cases decided in federal court. Section 1961(c)(1) provides that "[t]his section shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at the underpayment rate or overpayment rate ... established under section 6621 of the Internal Revenue Code of 1986." The Millers argue the award in *Miller II,* which was based on 26 U.S.C. § 7430, is a "judgment ... with respect to [an] internal revenue tax case" and

therefore 28 U.S.C. § 1961(c)(1) requires interest to be awarded in accordance with 26 U.S.C. § 6621. We disagree for a variety of reasons. First, the Millers' argument represents a rather circuitous method for Congress to waive the government's sovereign immunity with respect to interest on awards under § 7430. The more obvious, and clearer, method would have been to include the waiver directly in § 7430. Congress' failure to do so cannot be discounted, and demonstrates that § 6621 does not represent the clear, unequivocal waiver required by *Shaw.* Second, § 6621—as are the other statutes in the same chapter—is clearly designed to calculate the appropriate interest rate for the underpayment and overpayment of taxes, which indicates that Congress probably intended the phrase "with respect to [an] internal revenue tax case" as contained in § 1961(c)(1) to refer only to cases involving tax underpayments and overpayments. This further augments our belief that Congress has not clearly and unequivocally waived the government's sovereign immunity from interest on attorney fees awarded under 26 U.S.C. § 7430. Accordingly, we deny the Millers' request for an order granting them interest on the award granted in *Miller II.*