Joseph EASLEY, Plaintiff,

v.

UNITED STATES of America,

v.

Donald R. LEE, George W. Bishop, Clyde A. Collins, Marine Midland Bank, Defendants.

UNITED STATES of America, Plaintiff,

v.

MARINE MIDLAND BANK, Defendant.

Nos. CIV–75–214C, CIV–77–450C.

United States District Court,
W.D. New York.

Sept. 12, 1989.

United States Dept. of Justice (Stephen T. Lyons, Trial Atty., Tax Div., of counsel), Washington, D.C., and Dennis C. Vacco, U.S. Atty. (Joseph M. Guerra III, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber (David M. Wise, of counsel), Buffalo, N.Y., for defendant Marine Midland Bank.

CURTIN, District Judge.

Pending for decision are defendant Marine Midland Bank [Marine]'s motions for an award of attorneys fees under the applicable provisions of the Equal Access to Justice Act [EAJA], 28 U.S.C. § 2412(b)[1], and for post-judgment interest on the judgment for costs entered in its favor by this court on May 4, 1983.

---

**1.** Marine has also applied for attorneys' fees    under Section 2412(d)(1)(A), which provides in

Civ. No. 75–214C was initiated by plaintiff Joseph Easley in June, 1975, against the government for the refund of certain employment taxes assessed against him and third-party defendants Donald Lee, George Bishop, and Clyde Collins as the "Management Team" of Paper Tubes, Inc. [Paper Tubes] and Filigree Systems of Western New York, Inc. [Filigree]. In February, 1977, the government brought a further third-party action against Marine, alleging that Marine was also liable for all or part of the taxes that had been assessed against the members of the Management Team and, in August, 1977, commenced a separate action against Marine (Civ. No. 77–450), alleging that it supplied funds to Paper Tubes and Filigree, so that payrolls could be met, with knowledge that payroll taxes would not be paid. *See* Item 105, pp. 2–5; Item 111, pp. 2–3.

After trial held during February, 1983, the jury returned a verdict in favor of the government on its third-party claims against the members of the Management Team, but found in favor of Marine on the government's claims against it. Judgment was entered by this court on March 14, 1983, dismissing the claims against Marine with prejudice and with costs (*see* Item 88), and a Bill of Costs was filed with the court on March 4, 1983, taxing costs in favor of Marine in the amount of $4,230.47. Item 106. The government paid the judgment for costs on March 14, 1989, without interest. Marine now moves for an order directing payment of post-judgment interest from the date costs were taxed, and for attorney's fees.

*Attorneys' Fees*

■ Marine contends that it is entitled to recover attorneys' fees against the government under the EAJA to the same extent that such fees would be recoverable against a private party under the common law. According to Marine, under common law principles, the court should exercise its discretion to award it fees since it was a prevailing party in this action, and since the record clearly shows that the government's claims against it were brought in bad faith. In support of this argument, Marine contends that the government was aware long before the actions were commenced that there was no evidence to support its claims, and that these actions were brought solely as an attempt to add a "deep pocket" defendant to the case, to coerce Marine to settle for a substantial amount, or to put Marine to the task of proving the government's case against plaintiff. Item 105, pp. 7–21.

In opposition, the government argues that Marine is not entitled to attorneys' fees under § 2412(b) since it has failed to make the required showing under the common law that (1) the government's positions in both actions lacked legal and factual basis, and (2) the bringing of these actions by the government was for a malicious or oppressive purpose. Item 111, pp. 5–9.

Section 2412(b) provides, in relevant part:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevail-

relevant part that:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). However, that section does not apply to corporations with a net worth of over $7,000,000.00 and more than 500 employees at the time the action was filed. *See* 28 U.S.C. § 2412(d)(2)(B). Although Marine has not provided documentation as to its net worth and number of employees at the time the actions were filed, it has essentially conceded

that it is not a "party" within the meaning of Section 2412(d)(1)(A) by arguing that Section 2412(d)(2)(B) should not apply to it because that section violates the Equal Protection Clause of the Fifth Amendment. *See* Item 105, pp. 21–26. The court has considered this argument and finds it without merit.

Marine also makes an application in the alternative for attorneys' fees under the Civil Rights Act, 42 U.S.C. § 1988. That section is not available as a basis for an attorneys' fee award in the instant cases, however, since the attorneys' fees provisions of the EAJA were made applicable to civil actions (including tax cases) "pending on, or commenced on or after Oct. 1, 1981," *see* 28 U.S.C. § 2412 note (1989) (Effective Date of 1980 Amendment), and thus control here, where the actions were pending on October 1, 1981.

ing party in any civil action brought by or against the United States ... in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (as amended October 21, 1980).

Under the "American Rule," each party is responsible for paying his own attorney's fees and other expenses incurred during litigation. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *see also* H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S. Code Cong. & Ad.News 4953, 4984, 4986–87. This rule is subject to both statutory and common law exceptions, which generally consist of three categories. The first category is that of statutory provisions which explicitly shift the costs of litigation, "usually to effectuate a specific and compelling public interest." H.R.Rep. 96–1418 at 8, 1980 U.S.Code Cong. & Ad.News 4987. The second category is the "common fund" or "common benefit" exception, under which the court may award fees to a party whose legal action creates or preserves a fund for the benefit of others. *Id.* The third category, upon which Marine relies as a basis for an award of attorneys' fees here, involves cases in which the losing party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons....' " *Alyeska,* 421 U.S. at 258–59, 95 S.Ct. at 1622 (quoting *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Thus, the EAJA now renders the government liable for attorneys' fees under any of these exceptions to the American Rule, and the court in its discretion may "award attorney fees and other expenses to prevailing parties in civil litigation involving the United States to the same extent it may award fees in cases involving other parties." H.R.Rep. 96–1418 at 9, 1980 U.S. Code Cong. & Ad.News 4987.

The Second Circuit requires that, in a case in which the prevailing party bases its application for attorneys' fees on its opponent's bad faith commencement or conduct of the action, "there must be 'clear evidence' that the claims are 'entirely without color *and* made for reasons of harassment or delay or for other improper purposes.' " *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980) (quoting *Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078 (2d Cir.1977)) (emphasis added by court).

A claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim. The question is whether a reasonable attorney could have concluded that facts supporting the claim *might be established,* not whether such facts actually *had been established.*

*Nemeroff,* 620 F.2d at 348 (footnote omitted) (emphasis supplied).

I find that under the circumstances presented to the court in the instant case, the government, in bringing its claims against Marine, could reasonably have concluded that facts might be established upon which a jury might find that a relationship between Marine and the Management Team existed sufficient to impose joint liability for the taxes at issue, or that Marine had supplied loans for payroll funds with knowledge that payroll taxes would not be paid. "Even if some or all of these facts were not in fact true or might later fail to be established, that is irrelevant to the determination of bad faith under our law. These reasonable beliefs were factually and legally sufficient." 620 F.2d at 349. Accordingly, the court need not reach the second part of the inquiry as to the government's motives for bringing the claims against Marine. Marine has thus failed to show that the government's commencement and/or conduct of this case warrants a shifting of responsibility for attorneys' fees under the bad faith exception to the American Rule, and its application for attorneys' fees under the EAJA must therefore be denied.

*Post–Judgment Interest*

Marine contends that it is entitled to post-judgment interest on the judgment for

costs entered May 4, 1983, and finally paid on March 14, 1989, pursuant to 28 U.S.C. §§ 1961(c)[2] and 2412(a).[3] According to Marine, "[t]here is no dispute that interest would have accrued had a money judgment been entered against the United States on the merits in this case. Interest must likewise accrue on the judgment for costs." Item 113, p. 3. The government maintains, however, that this premise is faulty since there would in no event have been a money judgment entered against the United States on the merits of this case and, absent a specific provision by contract, statute, or express consent by Congress, interest on judgments against the United States is barred by the doctrine of sovereign immunity. Item 115, pp. 3–5. Marine replies that the Federal Courts Improvement Act of 1982 [FCIA] amended 28 U.S.C. § 1961 to provide an express statutory waiver of sovereign immunity regarding interest on judgments against the government by subjecting the United States to the same post-judgment interest rate as other district court litigants. Item 114.

■ The long-standing general rule is that interest cannot be awarded on a judgment entered by the district court against the United States unless it has expressly waived its sovereign immunity by contract, statute, or consent of Congress. *United States v. Alcea Band of Tillamooks,* 341 U.S. 48, 49, 71 S.Ct. 552, 553, 95 L.Ed. 738 (1951); *Library of Congress v. Shaw,* 478 U.S. 310, 311, 106 S.Ct. 2957, 2959, 92 L.Ed.2d 250 (1986); *Arvin v. United States,* 742 F.2d 1301, 1302 (11th Cir.1984). "A waiver of sovereign immunity ... may not be found by implication or by the use of non-specific, ambiguous language; it can-

not be implied, but must be 'unequivocally expressed.'" *Arvin,* 742 F.2d at 1302 (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)).

■ Relying on these basic principles, the District of Columbia Circuit Court of Appeals recently addressed the question, presented in the instant case by Marine, as to whether the 1982 FCIA amendments to § 1961 effectuated a waiver of sovereign immunity against awards of post judgment interest against the government. *Thompson v. Kennickell,* 797 F.2d 1015 (D.C.Cir. 1986), *cert. denied,* 480 U.S. 905, 107 S.Ct. 1347, 94 L.Ed.2d 518 (1987). The court carefully examined the language of 28 U.S.C. § 1961 and the legislative history of the FCIA, and found "no sufficiently unambiguous waiver of sovereign immunity against the award of post-judgment interest on district court judgments" to allow post-judgment interest on a Title VII judgment unsuccessfully appealed by the government. 797 F.2d at 1026. I find the reasoning of that court persuasive in the context of the circumstances presented in the instant case, and therefore reject Marine's argument that § 1961, as amended, expressly waives the sovereign immunity bar to an award of post-judgment interest on the judgment for costs entered in its favor against the government in this case.

Accordingly, for the reasons stated herein, Marine's applications for attorneys' fees and for post-judgment interest on the judgment for costs are denied.

So ordered.

■

---

**2.** § 1961(c) provides that the allowance of interest under § 1961(a) based on the Federal Treasury bill rate "shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1954 [26 U.S.C. § 6621]." 28 U.S.C. § 1961(a) (as amended Apr. 2, 1982).

**3.** § 2412(a) provides that a judgment for costs

may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
28 U.S.C. § 2412(a) (as amended Oct. 21, 1980).