**Robert and Isabell WILSON, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 87–3880.

United States District Court,
D. New Jersey.

Feb. 19, 1991.

Edward F. Seavers, Jr., Ridgewood, N.J., for plaintiffs.

Michael Chertoff, U.S. Atty. by Susan Handler–Menahem, Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

DEBEVOISE, District Judge.

This case presents a question of first impression, namely, whether post-judgment interest may be awarded on the recovery obtained in a suit against the United States brought under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* for negligent conduct by a Veterans' Administration hospital. For the following reasons, I conclude that an award of interest is barred by the doctrine of sovereign immunity.

Plaintiff, Robert Wilson, was injured in his right knee while on active duty in the United States Navy. He sought treatment at a Veterans' Administration hospital. As his pain increased, plaintiff was referred to a physician at a Veterans' Administration hospital in East Orange, New Jersey, who recommended orthopedic surgery. Plaintiff underwent surgery but continued to experience pain and discomfort. Subsequently, plaintiffs, Robert and Isabell Wilson, his wife, brought an action against the United States under the Federal Tort Claims Act for the hospital's alleged negligence.

The case went to trial. The Court determined that the United States, through the Veterans' Administration hospital, was negligent and liable to plaintiffs under the Federal Tort Claims Act. A judgment was entered in the amount of $28,000 on December 22, 1989. On January 25, 1990, the Court granted $1,837.00 in costs. The judgment, in the total amount of $29,837.00 (including costs), was eventually paid on April 16, 1990. However, because there was a delay in payment, plaintiffs moved for award of post-judgment interest of $742.95, pursuant to 28 U.S.C. § 1961(a) and 28 U.S.C. § 2674.

■ The United States opposed the award of interest solely on the ground that the judgment in this case did not expressly provide for the payment of post-judgment interest. This argument is without merit. Section 1961(a) provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." Courts which have construed this section have concluded that money judgments recovered in civil cases in federal district courts automatically bear interest from the date of entry. *Gele v. Wilson*, 616 F.2d 146, 148 (5th Cir.1980). Regardless of whether the judgment itself contains a specific award of interest, once final judgment has been entered in a civil suit in federal court the prevailing party becomes a judgment creditor who is entitled to post-judgment interest under the mandatory terms of the statute. *United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875, 876 (1st Cir.1971). The mere lack of a provision in the judgment for post-judgment interest does not bar plaintiffs' recovery under section 1961(a).

However, plaintiffs in this case are ultimately prohibited from collecting post-judgment interest against the United States government under either 28 U.S.C. § 1961(a) or 28 U.S.C. § 2674 because of the long-standing rule that interest cannot be recovered in a suit against the United States government in the absence of an express waiver of sovereign immunity.

■ As a general proposition, sovereign immunity precludes an award of interest against the United States. This so called no-interest rule is inapplicable where interest awards are specifically provided for by statute or contract or are otherwise expressly consented to by Congress, *Library of Congress v. Shaw*, 478 U.S. 310, 317, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986), or where the United States government has cast off the cloak of sovereignty and given an agency the status of a commercial enterprise. *See Loeffler v. Frank*, 486 U.S. 549, 556, 108 S.Ct. 1965, 1970, 100 L.Ed.2d 549 (1988). The first exception arises when the statute creating the cause of action expressly subjects the government to interest payments, and the second exception arises when it is determined that Congress, when creating the agency, intended to waive immunity from an award of interest. *McGehee v. Panama Canal Commission*, 872 F.2d 1213, 1215 (5th Cir.1989).

The issue in *Library of Congress v. Shaw, supra,* was whether Congress when enacting section 706(k) of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e–5(k), waived sovereign immunity from interest awards. Section 706(k) of Title VII provides in relevant part that the United States shall be liable for attorney's fees "the same as a private person." The Court noted that "[t]his basic rule of sovereign immunity ... gave rise to the rule that interest cannot be recovered unless the award of interest was affirmatively and separately contemplated by Congress" and "that federal statutes cannot be read to permit interest to run on a recovery against the United States unless Congress affirmatively mandates that result." 478 U.S. at 315, 106 S.Ct. at 2962. Furthermore, the Court observed that when Congress waived the United States' immunity with respect to interest it has done so expressly, not impliedly:

> [T]here can be no consent by implication or by use of ambiguous language. Nor can an intent on the part of the framers of a statute or contract to permit the recovery of interest suffice where the intent is not translated into affirmative statutory or contractual terms. The consent necessary to waive the traditional immunity must be express and it must be strictly construed.

*Id.* at 318, 106 S.Ct. at 2963 (quoting *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 659, 67 S.Ct. 601, 604, 91 L.Ed. 577 (1947)).

Accordingly, the Court concluded that the Title VII provision making the United States liable for attorney's fees "the same as a private person" waived the government's immunity from attorney's fees but did not extend to an award of interest on attorney's fees. The Court noted that the statute as well as the legislative history contain no reference to interest but that "[t]his congressional silence does not permit us to read the provision as the requisite waiver of the Government's immunity with respect to interest." *Id.* 478 U.S. at 318, 106 S.Ct. at 2963.

■ Plaintiffs' suit against the United States was brought under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, which provides in pertinent part "that the United States shall be liable respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment. ..." 28 U.S.C. § 2674. The Federal Tort Claims Act makes no other mention of interest awards.

Plaintiffs claim that they are entitled to an award of post-judgment interest on the ground that section 2674 does not expressly prohibit such an award against the United States in an action brought under the Federal Tort Claims Act. As noted in *Shaw,* when Congress has intended to waive the United States' immunity with

respect to interest, it has done so expressly. While it is true that section 2674 expressly prohibits an award of pre-judgment interest but not post-judgment interest against the United States, congressional silence regarding post-judgment interest does not permit an inference that post-judgment interest is available. In addition, there is no legislative history which indicates a congressional intent to effectuate a waiver of sovereign immunity from interest.[1] Accordingly, post-judgment interest cannot be assessed against the United States government under the express waiver exception.

Turning to the second exception to the no-interest rule, in *Loeffler v. Frank*, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), the Court held that pre-judgment interest may be awarded in a suit against the United States Postal Service brought under Title VII of the Civil Rights Act of 1964. The Court noted that although the federal government is immune from suit absent a waiver of sovereign immunity, "Congress ... has waived the sovereign immunity of certain federal entities from the times of their inception by including in the enabling legislation provisions that they may sue and be sued." *Id.* at 554, 108 S.Ct. at 1968. The Court determined that in empowering the Postal Service "to sue and be sued in its official name," Congress has "launched [the Postal Service] into the commercial world," and "cast off the Service's 'cloak of sovereignty' and given it the 'status of a private commercial enterprise.'" *Id.* at 556, 108 S.Ct. at 1970. *See* 39 U.S.C. § 401(1). Stating that it has recognized that "authorization of suits against federal entities engaged in commercial activities may amount to a waiver of sovereign immunity from awards of interest when such awards are an incident of suit," 486 U.S. at 555, 108 S.Ct. at 1969, the Court reasoned that "it follows that Congress is presumed to have waived any otherwise existing immunity of the Postal Service

from interest awards." *Id.* at 556, 108 S.Ct. at 1970. Accordingly, the Court concluded that, at the Postal Service's inception, Congress waived its immunity from interest awards, authorizing recovery of interest from the Postal Service to the extent that interest is recoverable against a private party as a normal incident of suit.

Therefore, the Supreme Court held that prejudgment interest may properly be awarded in a Title VII employment discrimination suit against the Postal Service since (1) Title VII authorizes prejudgment interest awards as a normal incident of suits against private parties, and (2) Congress, having provided in the Postal Reorganization Act that the Postal Service may "sue and be sued," waived the Postal Service's immunity from such awards of interest.

The Fifth Circuit reached a similar conclusion in a case under the Federal Tort Claims Act against the Postal Service. *See Perez v. United States*, 830 F.2d 54 (5th Cir.1987). Anticipating the Supreme Court's reasoning in *Loeffler*, the Fifth Circuit determined that by providing that the Postal Service can "sue and be sued" Congress waived the Postal Service's immunity from post-judgment interest awards. *Perez*, 830 F.2d at 60. Furthermore, the court stated that nothing in the Federal Tort Claims Act restricted the waiver of immunity in that case because the Act does not contain an exemption from the waiver of immunity for claims arising out of a Postal employee's negligent operation of a motor vehicle. *Id.* at 60. Therefore, the court held that plaintiffs were entitled to post-judgment interest against the government under the Federal Tort Claims Act. *Id.* at 60.

The present case, under the Federal Tort Claims Act, is distinguishable from *Loeffler* and *Perez* because it is brought against the Veterans' Administration. Unlike the Postal Service to which Congress has given the status of a private commer-

---

**1.** Similarly, neither the language nor the legislative history of 28 U.S.C. § 1961(a) reveals an express Congressional waiver of the sovereign immunity bar to an award of post-judgment interest against United States. *See Thompson v.* *Kennickell*, 797 F.2d 1015, 1026 (D.C.Cir.1986), *cert. denied*, 480 U.S. 905, 107 S.Ct. 1347, 94 L.Ed.2d 518 (1987); *Easley v. United States*, 719 F.Supp. 145, 148 (W.D.N.Y.1989).

cial enterprise, thereby effectuating a waiver of immunity from interest awards, when establishing the Veterans' Administration, Congress did not enable it to sue or be sued. Instead, "[t]he Veterans' Administration is an independent agency in the executive branch of the Government, especially created for or concerned in the administration of laws relating to the relief and other benefits provided by law for veterans, their dependents, and their beneficiaries." 38 U.S.C. § 201. There is no reference in the statute and no legislative history exists which suggests that Congress, when creating the Veterans' Administration, intended it to be a "sue-and be sued" agency making it amenable to suits the same as a private party.

Furthermore, the function of the Veterans' Administration is governmental in nature. The Veterans' Administration was set up specifically to administer programs and services available to veterans and their families—programs and services which otherwise might not be available in the private sector. The Veterans' Administration does not seek commercial profit or operate in any way as a commercial enterprise.

Therefore, when creating the Veterans' Administration, Congress did not waive its immunity from interest awards. Since the nature of the federal agency involved in this case is different from the Postal Service, *Loeffler* and *Perez* are not applicable.

Neither exception to the rule that the doctrine of sovereign immunity precludes an award of interest against the United States is applicable in this case. Therefore, plaintiffs' motion for an award of post-judgment interest must be denied. An appropriate order will be entered.