**ALLAN CHRISTIAN, Appellant**

**v.**

**MARY O. JOSEPH, Appellee**

No. 93-7308

United States Court of Appeals

for the Third Circuit

February 2, 1994

MR. ALLAN A. CHRISTIAN, Frederiksted, St. Croix, V.I., *Pro Se Appellant*

JUDITH L. BOURNE, ESQ., Charlotte Amalie, St. Thomas, V.I., *for Appellee*

BEFORE: MANSMANN, HUTCHINSON and LEWIS, *Circuit Judges*

## OPINION OF THE COURT

HUTCHINSON, *Circuit Judge*

Appellant, Allan A. Christian ("Christian"), appeals an order of the District Court of the Virgin Islands, Appellate Division, affirming an order of the Virgin Islands Territorial Court. The Territorial Court's order directed Christian to pay interest on an amended judgment that appellee, Mary O. Joseph ("Joseph"), secured

against him. Christian contends that the Virgin Islands Code does not specifically provide for automatic awards of post-judgment interest. Because the Territorial Court did not include any award of post-judgment interest in its original judgment order, he therefore contends that post-judgment interest should not accrue. We disagree. While provisions of the Virgin Islands Code concerning post-judgment interest may not be as specific as those in some other jurisdictions, we believe the applicable statutory provisions, already interpreted by the Territorial Court to require the accrual of post-judgment interest, coupled with the nature of post-judgment interest, compel the conclusion that post-judgment interest accrues automatically once the amount of the judgment is entered. Therefore, we will affirm.

## I.

Joseph secured a judgment against Christian on May 1, 1986. On November 21, 1988, after an appeal and remand, the Territorial Court amended the judgment upwards to a final amount of $24,465.48. The Territorial Court's order did not specifically state that post-judgment interest would accrue on the amount due until satisfaction. By check dated January 10, 1992, Christian paid the principal amount. On May 12, 1992, Joseph filed a praecipe for a writ of execution for post-judgment interest of $7,348.68 on the amended judgment. The Territorial Court denied Christian's motion to quash the writ, holding that Virgin Islands law supported the automatic accrual of post-judgment interest. The District Court of the Virgin Islands, Appellate Division, affirmed. See 48 U.S.C.A § 1613a(b) (West 1987) (granting authority for United States district court to sit in appellate capacity over Territorial Courts of the Virgin Islands).

## II.

In this case we too sit as an appellate court for the Territory of the Virgin Islands. See 48 U.S.C.A. § 1613a(c). Because we are called upon to interpret a statute, our review is plenary. Air Courier Conference of Am. v. United States Postal Serv., 959 F.2d 1213, 1217 (3d Cir. 1992).

In holding that Virgin Islands law requires the automatic accrual of post-judgment interest, the Appellate Division of the District Court relied on two sections of the Virgin Islands Code, V.I. Code

Ann. tit. 5, § 426 and V.I. Code Ann. tit. 11, § 951. Section 426 of title 5 provides:

> The rate of interest on judgments and decrees for the payment of money shall be 9 percent per annum.

V.I. Code Ann. tit. 5, § 426 (1993 Supp.). Section 951 of title 11 provides in relevant part:

> (a) The rate of interest shall be nine (9%) per centum per annum on—
> (1) all monies which have become due.

V.I. Code Ann. tit. 11, § 951(a)(1) (1982). The District Court, Appellate Division, held that these sections combine to make the accrual of post-judgment interest at the rate of 9% automatic on money judgments rendered under territorial law. Christian contends that these sections set the rate for post-judgment interest, but a specific order is required if post-judgment interest is to accrue at that rate. Thus, says Christian, there is no statutory authority for the automatic accrual of post-judgment interest. As Christian sees it, a successful litigant is not entitled to post-judgment interest under Virgin Islands law unless the court expressly directs its accrual and payment.

All jurisdictions in this circuit with the exception of Delaware have provided by statute for accrual of post-judgment interest.[1]

---

[1] Section 8101 of the Pennsylvania Judicial Code provides:
> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa. Cons. Stat. Ann. § 8101 (1982). New Jersey Civil Practice Rule 4:42-11(a) provides in pertinent part:
> Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and counsel fees shall bear simple interest . . . .

N.J.R. 4:42-11(a) (1994). Although Delaware does not have such a statute, it has a similar judge-made rule. See Church Home Found., Inc. v. Victorine & Samuel Homsey, Inc., 1983 WL 3093, at *2 (Del. Ch. Aug. 29, 1983); Missouri-Kansas Pipe Line Co. v. Warrick, 22 A.2d 865, 869 (Del. Ch. 1941); cf. Metropolitan Mut. Fire Ins. Co. v. Carmen Holding Co., 220 A.2d 778, 781 (Del. 1966) ("Delaware authorities have uniformly treated interest as a matter of right rather than discretion . . . . We think the principle is firmly imbedded in our law . . . ."). Federal courts have adopted a similar rule based upon 28 U.S.C.A. § 1961(a). *See infra* at 379.

Although there is little outstanding Virgin Islands case law on the accrual of post-judgment interest, the Territorial Court has decided that post-judgment interest accrues automatically in a case involving delinquent child support. See Kelman v. Kelman, 21 V.I. 307 (Terr. Ct. 1985). There, a mother seeking delinquent child support received a judgment against the father of her children. He failed to pay the judgment for eight years. When he finally did pay, the mother sought post-judgment interest. The father argued that accrual of interest on a support order would be inappropriate. The opinion states:

> Mrs. Campbell bases her claim on 5 V.I.C. § 426 (1984 Supp.), which states:
>
> > The rate of interest on judgments and decrees for the payment of money shall be 9 percent per annum.
>
> The April 23, 1975 judgment clearly was for the payment of money; therefore, section 426 applies.

Id. at 309. The court thus held that section 426 required payment of post-judgment interest at the 9% rate without any specific inclusion of post-judgment interest in the judgment order. It went on to discuss the nature of post-judgment interest:

> Interest represents an attempt to have Mr. Kelman pay the true value of what he owes Mrs. Campbell. It is intended as neither a bonus to her nor a penalty to him. Interest merely will confer on Mrs. Campbell *approximately* the same benefits she would have enjoyed had the debt been paid on time.

Id. at 311 (emphasis in original). In another matter based on Virgin Islands' law, though tried in the District Court of the Virgin Islands, we similarly observed that "awarding post-judgment interest is not a 'reward,' but rather just compensation to ensure that a money judgment will be worth the same when it is actually received as it was when it was awarded." Dunn v. Hovic, No. 91-3837, — F.3d —, 1993 WL 492289, at *2 (3d Cir. Nov. 26, 1993) (Sur Petition to Recall Mandate); see also Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 97 (3d Cir. 1993); Poleto v. Consolidated Rail Corp., 826 F.2d 1270, 1280 (3d Cir. 1987) ("Post-judgment interest represents the cost of withholding the amount owed

the plaintiff once that sum has been determined in a court proceeding.").

We are not persuaded by Christian's argument that the post-judgment interest does not automatically accrue absent explicit statutory provision or express inclusion in the judgment itself. An analogous federal provision, 28 U.S.C.A. § 1961(a) (West Supp. 1993), does not specifically provide for automatic accrual of post-judgment interest, yet it has been uniformly interpreted to do so, regardless of whether the district court order provided for post-judgment interest payments. See Gele v. Wilson, 616 F.2d 146, 148 (5th Cir. 1980); United States v. Michael Schiavone & Sons, Inc., 450 F.2d 875, 876 (1st Cir. 1971); Wilson v. United States, 756 F. Supp. 213, 214 (D.N.J. 1991).

In the Virgin Islands, Title 5 § 426 of the Virgin Islands Code states that interest on judgments and monies due *shall* be awarded at the specified rate. Title 28, § 1961(a) of the Federal Judicial Code similarly states "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C.A. § 1961(a). Thus, in language similar to that used in 28 U.S.C.A. § 1961(a), the Virgin Islands Code provides for the award of post-judgment interest but even goes further than 28 U.S.C.A. § 1961(a) by specifying a rate. We think the inclusion of a numerically specified rate of interest further indicates that § 426 should, like § 1961(a), be construed to provide for automatic accrual of post-judgment interest. We think they have a similar purpose and we will interpret them similarly in light of that purpose, as Kelman already seems to have done.

Consideration of the time value of money, mentioned in Kelman, as well as efficiency of judicial administration, support automatic accrual of post-judgment interest. If it is not allowed, litigants are given an incentive to refuse to pay judgments once entered. This can compel a judgment winner to resort to added legal process to collect a judgment debt that the court has already determined to be due. By referring to post-judgment interest in mandatory terms in two separate sections of the Virgin Islands Code, we think the Virgin Islands legislature recognized the disadvantage, inefficiency, and unfairness of a system that does not require interest

due on judgments. Therefore, we hold § 426 provides for the automatic accrual of post-judgment interest.[2]

■ Accordingly, we think that the Territorial Court decision, the language of the statute, and our interpretation of a similar federal statute indicate that post-judgment interest runs automatically on judgments secured in the Territorial Courts of the Virgin Islands. We will therefore affirm the District Court, Appellate Division, uphold the refusal to quash the writ, and direct the Territorial Court to compute the amount due in accordance with V.I. Code Ann. tit. 5, § 426.

---

[2] Christian's other arguments lack merit. Joseph did not waive her right to post-judgment interest on the amended judgment. Her settlement letter to Christian clearly states that she would be willing to forego the interest that had accrued on the judgment first entered before the Territorial Court on remand. She never agreed to waive the interest that accrued on the amended judgment. Christian's other argument that it is now too late to amend the judgment to include post-judgment interest is just a variant form of his argument that the judgment must expressly provide for it. Our holding today that post-judgment interest is a component of the amended judgment fully answers this last argument.