[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14614
Non-Argument Calendar

_____

D. C. Docket No. 97-02439-CV-JLK

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,

Plaintiff-Counter-
Defendant-Appellee,

versus

FORTUNE CONSTRUCTION COMPANY,

Defendant-Counter-
Claimant-Third-Party
Plaintiff-Appellant,

versus

ARKIN CONSTRUCTION COMPANY, INC.,

Third-Party
Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 9, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Fortune Construction Company appeals from a judgment the district court entered after this Court remanded a previous appeal by Fortune. Fortune contends that the district court failed to comply with the mandate of this Court when it refused to permit a purported claim of Fortune to go forward. Fortune also asserts that the district court erroneously calculated the prejudgment interest for National Fire Insurance Company of Hartford. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

This controversy based on diversity jurisdiction arose out of two construction projects. Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1263 (11th Cir. 2003). As general contractor, Fortune entered two separate subcontracts with Arkin Construction Company. Id. National Fire, as surety, issued performance and payment bonds on behalf of Arkin, as principal, for the two projects. Id.

During construction, Arkin began to experience financial difficulty. Id. The subcontracts between Fortune and Arkin included provisions for liquidated damages, which obligated Arkin to pay for delays in completion of the projects.

2

Id. at 1264. Fortune invoked these clauses. Id. When it defaulted and abandoned the construction projects, Arkin owed $1,693,500 in delay damages on one project and $93,600 on the other project. Id.

Fortune completed the projects and presented to National Fire an accounting of costs. Id. at 1265. National Fire responded that the costs were less than the amount of money that had been, for various reasons, prepaid to Fortune on the subcontracts. Id. National Fire requested that the balances on the subcontracts be paid by Fortune to National Fire, as subrogee of Arkin. Id. Fortune refused to pay. Id. Fortune contended that it had a superior right to the contract balances because National Fire failed to perform on the performance bonds and Fortune had a right to offset against the contract balances certain damages owed by Arkin, including the liquidated damages for delay. Id.

National Fire filed a complaint in federal district court, and Fortune filed a counterclaim and joined Arkin as a third-party defendant. Id. The district court granted National Fire partial summary judgment on several issues. Id. At trial, the district court directed judgment as a matter of law in favor of Fortune against Arkin. Id. The jury determined the amount of the contract balances, which were awarded to National Fire, and the district court added prejudgment interest. Id. at 1267. Fortune appealed.

In an opinion issued February 7, 2003, this Court affirmed in part, reversed in part, and remanded for further proceedings. Id. at 1279. This Court concluded that Fortune had a right to offset against the contract balances the liquidated damages owed by Arkin, but this Court also concluded that National Fire had a superior right to recover certain payments not subject to offset. This Court noted that the superior claims of National Fire "may exhaust the contract balances." Id. at 1276 n.19.

This Court also concluded that the district court had calculated prejudgment interest for National Fire beginning in January 1998 more than three years too early. Id. at 1279. This Court concluded that prejudgment interest for damages related to one of the construction projects began to accrue on March 19, 2001, and prejudgment interest for damages related to the other project began to accrue on May 15, 2001. This Court did not address postjudgment interest. Id. The mandate issued on April 9, 2003, and incorporated the opinion by reference.

On remand, the district court awarded the contract balances to National Fire. The district court determined, as this Court predicted, that the superior claims of National Fire, not subject to offset, exhausted the contract balances. Although Fortune had a right to offset for the liquidated damages owed by Arkin, Fortune recovered nothing.

4

Faced with a futile right of setoff, Fortune asserted that it had also presented an affirmative claim against National Fire for the liquidated damages owed by Arkin, not merely a right of setoff against the contract balances. Fortune argued that this Court recognized that Fortune had asserted an affirmative claim, and Fortune argued that the mandate rule required the district court to consider the affirmative claim. The district court disagreed. It reasoned that no such affirmative claim had been asserted by Fortune and concluded that any mention of the claim by this Court "appear[ed] to be dicta."

The district court recalculated prejudgment interest from the dates identified by this Court, but the district court failed to identify the date on which prejudgment interest ceased to accrue. The district court did not disclose its calculations or provide any further detail, and it did not mention postjudgment interest.

## II. STANDARD OF REVIEW

We review de novo the application of the law of the case doctrine, Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285 (11th Cir. 2004), which includes the mandate rule, Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985). We also review de novo the calculation of prejudgment interest, when that calculation depends on the construction of state law. SEB S.A. v. Sunbeam Corp., 476 F.3d 1317, 1319 (11th Cir. 2007).

5

## III. DISCUSSION

Fortune presents two arguments. First, Fortune contends that the district court failed to comply with the mandate of this Court when it refused to consider the alleged affirmative claim of Fortune against National Fire for liquidated damages for delay owed by Arkin. Second, Fortune asserts that the district court erroneously calculated prejudgment interest. We address each issue in turn.

*A. The District Court Did Not Violate the Mandate Rule.*

In the previous opinion of this Court, Fortune prevailed on its assertion that it had a right to offset against the contract balances the liquidated damages owed by Arkin, but when the superior claim of National Fire exhausted the contract balances, the right of setoff gave Fortune no recovery. Faced with the futility of its right of setoff, Fortune now attempts to change course. Fortune contends that it has, from the beginning, presented an affirmative claim against National Fire for the liquidated damages owed by Arkin, not merely a right of setoff against the contract balances.

To compel the district court to permit the change in course, Fortune relies on the mandate rule. Fortune asserts that, in the following sentence, this Court recognized that Fortune had asserted the affirmative claim: "Fortune filed a counterclaim against National Fire for failure to perform under the performance

6

bonds and failure to make the required payments under the payment bonds with respect to payments for Davis-Bacon Act violations, electrical overages, and the liquidated delay damages." Fortune contends that the mandate rule required the district court to consider the merits of the alleged affirmative claim.

National Fire asserts, and the district court concluded, that any reference by this Court to an affirmative claim against National Fire for the liquidated damages owed by Arkin was dicta. National Fire also contends, and the district court concluded, that this Court "express[ed] no opinion" as to whether National Fire was responsible for the liquidated damages owed by Arkin. See Nat'l Fire Ins. Co., 320 F.3d at 1260.

Under the mandate rule, "a trial court, 'upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005) (quoting Piambino, 757 F.2d at 1119). The district court "'is bound to follow the appellate court's holdings, both expressed and implied.'" Id. (quoting Piambino, 757 F.2d at 1119). The rule "only applies if our prior opinion determined [the issue], explicitly or by necessary implication." Id. at 1332.

Although National Fire and the district court have misinterpreted our

statement about "express[ing] no opinion," because that statement related to whether National Fire itself owed liquidated delay damages for its alleged breach of contract, we otherwise agree with National Fire and the district court. The previous opinion of this Court did not hold that Fortune had asserted an affirmative claim against National Fire for the liquidated damages owed by Arkin. The sentence relied upon by Fortune does not reference such an affirmative claim, much less hold that Fortune asserted the claim. Even if the opinion had referenced an affirmative claim, the reference would be dicta because it would not have been "necessary to deciding the case then before us." United States v. Eggersdorf, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997). The district court was free to conclude, as it did, that Fortune had never asserted an affirmative claim against National Fire for the delay damages owed by Arkin and, in fact, had "consistently asserted throughout the underlying litigation that it was not pursuing such an affirmative claim."

To the extent Fortune also argues, independent of its reliance on the mandate rule, that the district court erroneously concluded that Fortune did not assert a claim for relief separate from a right of setoff, the argument fails. When National Fire stated before the district court that "Fortune has continued to assert in this litigation that National Fire is liable for Arkin's liquidated delay damages,"

8

Fortune responded by clarifying the issue as a right of setoff only. In a brief filed before the district court, Fortune clearly described the issue only as a right of setoff:

> NATIONAL FIRE has attempted to confuse the issues before this Court by raising the question of the assessment of liquidated damages against [National Fire] for the breach of [Arkin]. This is not the question which will be faced by the Court. The real issue is the appropriateness of the assessment of liquidated damages pursuant to the terms of the subcontracts against the ARKIN contract balances.

Even though National Fire quoted this statement in its response brief in this appeal, Fortune made no attempt in its reply brief to explain or refute the statement. Fortune plainly chose to pursue only the right of setoff and may not now, faced with the futility of that right, attempt to recast and revise the record.

*B. We Remand to the District Court for Recalculation of Prejudgment Interest.*

Fortune contends that the district court erroneously recalculated prejudgment interest. Fortune argues that prejudgment interest ceased to accrue on the date of the original final judgment, July 24, 2001. National Fire counters that prejudgment interest ceased to accrue on the date of the judgment entered after remand, July 24, 2006.

We agree with National Fire. In this diversity case, Florida law governs the award of prejudgment interest. See SEB, 476 F.3d at 1320. We recently explained that, under Florida law, "prejudgment interest accrues until the date of the

9

judgment after which postjudgment interest begins to accrue." Id. at 1321.

The corresponding question is when postjudgment interest began to accrue. Federal Rule of Appellate Procedure 37 governs the award of postjudgment interest by a district court after an appeal. Id. at 1319. Under Rule 37(b), when we remand to modify the amount of prejudgment interest and are silent in the mandate about postjudgment interest, the district court on remand has no choice but to begin postjudgment interest with entry of the postremand judgment. Id. at 1319-20. Because we did not provide instructions in our mandate or opinion regarding postjudgment interest, postjudgment interest began to accrue on the date of the judgment after remand, July 24, 2006, and prejudgment interest, under Florida law, ceased to accrue on the same date.

The district court neither explained its calculation of interest nor identified the date on which prejudgment interest ceased accruing, but both parties contend that the district court erred in its calculation. In the light of our recent opinion that clearly resolves this issue, we remand to the district court to recalculate prejudgment interest. We vacate the judgment of the district court to the extent that it addresses prejudgment interest and instruct the court to calculate prejudgment interest and award postjudgment interest consistent with this opinion. Prejudgment interest ceased to accrue on the date of the judgment after remand,

10

July 24, 2006, after which postjudgment interest began to accrue. That the judgment of the district court did not address postjudgment interest is of no consequence. See Christian v. Joseph, 15 F.3d 296, 298 (3d Cir. 1993) ("[P]ost-judgment interest [under the federal statute] . . . accru[es] . . . regardless of whether the district court order provided for post-judgment interest payments.").

## IV. CONCLUSION

The judgment of the district court is **AFFIRMED** in part and **VACATED** to the extent that it addressed prejudgment interest for National Fire. We **REMAND** with instructions to calculate prejudgment interest beginning on the dates identified in our previous opinion, see Nat'l Fire Ins., 320 F.3d at 1279, and ending on July 24, 2006, and to award postjudgment interest beginning on that same date.